NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Proposed Counsel for Advent Air Conditioning, Inc.

United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Advent Air Conditioning, Inc.**<br>1560 E. Southlake Blvd.<br>Southlake, TX 76092<br>EIN: 75-1935949<br><br>**Debtor** | **Case No. 26-44777-mxm11**<br><br>**Chapter 11**<br><br>**Subchapter V Case**<br><br>**Expedited Hearing Requested** |

**MOTION FOR EXPEDITED HEARING ON DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) DIRECTING RELEASE OF ESTATE FUNDS HELD BY PAYMENT PROCESSOR, (IV) AUTHORIZING PAYMENT OF PREPETITION WAGES, PAYROLL TAXES, AND BENEFITS AND (V) SCHEDULING A FINAL HEARING**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY COURT:

Advent Air Conditioning, Inc. ("Advent" or the "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, respectfully submits the *Debtor's Emergency Motion For Entry Of Interim And Final Orders (I) Authorizing Use Of Cash Collateral, (Ii) Granting Adequate Protection, (Iii) Directing Release Of Estate Funds Held By Payment Processor, (Iv) Authorizing Payment Of Prepetition Wages, Payroll Taxes, And Benefits, And (V) Scheduling A Final Hearing* [Dkt.6]. In support of these motions, the Debtor states as follows:

1. **Requested hearing date and reason for urgency.** The Debtor requests a hearing on the Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, (III) Directing Release of Estate Funds Held by Payment Processor, (IV) Authorizing Payment of Prepetition Wages, Payroll Taxes, and Benefits,

and (V) Scheduling a Final Hearing [Dkt. 6] (the "Motion") on Thursday, October 29, 2026, at 11:00 a.m., or at the Court's earliest availability that day. The Debtor must fund its next payroll by wire to its payroll provider, Paylocity, before 3:00 p.m. on October 29, 2026. That payroll pays the Debtor's 12 employees on Friday, October 30, 2026, for work performed October 19–25, 2026, all of which is prepetition. Paying it requires the Court's authority to use cash collateral under 11 U.S.C. § 363(c)(2) and to pay prepetition wages under 11 U.S.C. § 363(b) and Bankruptcy Rule 6003. The Debtor's operating cash, about $15,600, is not enough to fund payroll and its other near-term expenses. Approximately $93,813 of the Debtor's customer receipts is being held by its payment processor, Stripe, LLC, through Codefied, Inc. d/b/a Housecall Pro, at the request of Lawrence Funding Group. Without a hearing and interim order before the payroll deadline, the Debtor's employees will not be paid. The Debtor expects to lose its workforce and its ability to service customers, which would cause immediate and irreparable harm to the estate and its creditors.

2. Estimated time. Debtor's proposed counsel estimates that the hearing will take approximately 30 to 45 minutes. The Debtor expects to call one witness, its President, Jared Douglas, who will testify by WebEx.

3. **Proposed notice.** On October 28, 2026, the Debtor emailed a draft of the Motion, with a request for each party's position, to:

- the Office of the United States Trustee;
- the Office of the United States Attorney, on behalf of the Internal Revenue Service;
- Lawrence Funding Group and its counsel, Madeb Law, PLLC;
- Stripe, LLC and Housecall Pro;
- the parties asserting an interest in cash collateral for which email addresses are known;

- the Debtor's other merchant cash advance funders; and
- the Debtor's twenty largest unsecured creditors and their known counsel.

Promptly after the Court sets the hearing, the Debtor will serve the Motion, this motion, and notice of the hearing as follows:

- on all parties receiving electronic notice, by CM/ECF;
- on the parties listed above, by email where available; and
- on the parties on the Debtor's service list, by first-class mail, including service under Bankruptcy Rule 7004(b)(3) and (h) on the corporate parties and the insured depository institution asserting an interest in cash collateral.

Under the Court's procedures, any interested party may appear by WebEx. Given the limited interim relief requested and the payroll deadline, this notice is sufficient under Bankruptcy Rules 2002, 4001(b)(2), and 9006(c)(1).

4. **Why a hearing was not requested earlier.** The Debtor filed its petition at 1:47 p.m. on October 27, 2026, and filed the Motion the next day. Before filing, the Debtor tried to negotiate a release of the held funds with Lawrence Funding Group's counsel, without success. After filing, the Debtor needed time to confirm its payroll obligations and its payroll provider's funding deadline, prepare a budget, and complete a UCC search to identify the parties that may assert an interest in cash collateral. The October 29, 2026 deadline is set by the payroll provider, not by the Debtor. The Debtor has requested a hearing as promptly as possible.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests that this Court enter an Order (a) setting an expedited hearing on the Motion on or before 3 pm on October 29, 2026, and (b) granting the Debtor such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted:

By: __/s/ Clayton L. Everett____
Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Proposed Counsel for Debtor

## CERTIFICATE OF CONFERENCE

Given the emergency nature of this motion and the short time before the requested relief is needed, counsel has not yet been able to confer with affected parties and the US Trustee's attorney, but will supplement this certificate when such communication occurs.

By: __/s/ Clayton L. Everett____

## Certificate of Conference

I certify that on October 27 and 28, 2026, I conferred or attempted to confer by email with the United States Trustee, the United States Attorney on behalf of the IRS, Lawrence Funding Group and its counsel, Stripe, Housecall Pro, known secured creditors and merchant cash advance lenders, the Debtor's twenty largest unsecured creditors, and counsel for certain creditors regarding the relief requested and the need for an expedited hearing.

David Adams, Assistant United States Attorney, advised that he does not oppose an expedited hearing but must consult with the IRS before taking a position on the substantive relief. The United States Trustee is reviewing the pleadings but has not stated a position. No other substantive responses have been received as of filing. Due to the emergency nature of the relief, further conferences were not practicable. The Debtor will advise the Court of any additional responses received before the hearing.

/s/ Clayton L. Everett
Clayton L. Everett

**Certificate of Service**

I certify that on October 28, 2026, a true and correct copy of this Motion and its attachments was served through the Court's CM/ECF system on all registered parties and by email on the United States Trustee, the United States Attorney, known secured creditors, affected parties, the Debtor's twenty largest unsecured creditors, and their known counsel, at the addresses available to the Debtor and identified on the attached service list.

Additionally, service by first-class mail, or certified mail where required, was made on applicable creditors and governmental entities at the addresses identified on the attached service list, in accordance with Bankruptcy Rules 7004 and 9014

/s/ Clayton L. Everett
Clayton L. Everett