United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Advent Air Conditioning, Inc.**<br>1560 E. Southlake Blvd.<br>Southlake, TX 76092<br>EIN: 75-1935949<br>**Debtor** | **Case No. 26-44777-mxm11**<br>**Chapter 11**<br>**[Subchapter V Case]** |

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) DIRECTING RELEASE OF ESTATE FUNDS HELD BY PAYMENT PROCESSOR, AND (IV) AUTHORIZING PAYMENT OF PREPETITION WAGES, PAYROLL TAXES, AND BENEFITS**

Upon consideration of the Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, (III) Directing Release of Estate Funds Held by Payment Processor, (IV) Authorizing Payment of Prepetition Wages, Payroll Taxes, and Benefits, and (V) Scheduling a Final Hearing [ECF No. ___] (the "Motion") filed by Advent Air Conditioning, Inc. (the "Debtor"), the evidence and argument presented at the interim hearing on October ___, 2026, and the record, the Court finds that:

1. **Jurisdiction and Venue.** This Court has jurisdiction over this case and the Motion under 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. **Immediate and Irreparable Harm.** The Debtor has established that it will suffer immediate and irreparable harm if it is not authorized to use cash collateral, to obtain release of the Held Funds (defined below), and to pay the Prepetition Employee Obligations (defined in the Motion). The relief is essential to the Debtor's ability to fund its payroll, which its payroll provider must receive by 3:00 p.m. on October 29, 2026,

purchase materials, pay necessary expenses, and continue operations. Bankruptcy Rule 6003 is satisfied.

1. **Held Funds.** Funds payable to the Debtor are being held on Stripe account acct_1QdHq2EOGEBHPckv, maintained by Stripe, LLC ("Stripe") through Codefied, Inc. d/b/a Housecall Pro ("Housecall Pro"), at the request of Lawrence Funding Group ("LFG"). Those funds, approximately $93,813 as of October 26, 2026, together with any additional receipts accrued before remittance (the "Held Funds"), are property of the Debtor's estate, subject to any valid interest of a Lien Claimant (defined below).

2. **Adequate Protection.** The relief granted in this Order adequately protects the interests, if any, of the parties that may assert an interest in the Debtor's cash collateral, namely Wells Fargo Commercial Distribution Finance, LLC; Wells Fargo Bank, N.A.; Trane U.S. Inc.; the principals represented by Financial Agent Services and C T Corporation System; Millstone Funding Inc.; and LFG (each, a "Lien Claimant"), through replacement liens, separate accounting for the Held Funds, reporting requirements, and budget compliance measures. Nothing in this Order determines the validity, priority, extent, or amount of any Lien Claimant's claim or interest.

3. **Notice.** Notice of the Motion and the interim hearing was adequate and appropriate under the circumstances, and no further notice is necessary.

Based on the foregoing, it is hereby **ORDERED** that:

1. **Use of Cash Collateral.** The Debtor is authorized to use cash collateral from the date of this Order through the date of the final hearing set below (the "Interim Period"), in accordance with the budget attached as Exhibit A (the "Budget"). The Debtor shall not exceed the Budget by more than ten percent (10%) for any line item without prior approval of the Court or agreement of the affected Lien Claimants.

2. **Release of Held Funds.** As soon as practicable, and no later than one (1) business day after service of this Order, Stripe and Housecall Pro are authorized and directed to remit the Held Funds to the Debtor's operating account at Bank of Texas ending in 4948 (the "Operating Account"), or to the Debtor's existing payout account linked to the Stripe account, and to release any hold on the Debtor's account placed at the request of LFG or any other third party. Stripe and Housecall Pro may change the account's payout destination to another account of the Debtor at the Debtor's request. Stripe and Housecall Pro retain their ordinary-course contractual rights to recover chargebacks, refunds, and processing fees on transactions processed for the Debtor, but may not withhold funds from, or remit funds to, LFG or any other third party on account of a prepetition claim against the Debtor. Stripe and Housecall Pro shall have no liability to any party for complying with this Order.

3. **Segregation.** The Debtor shall account for the Held Funds separately in its books and records. The Debtor may use the Held Funds during the Interim Period only to the extent needed to pay Budget expenses that its postpetition receipts do not cover. Any valid interest of a Lien Claimant in the Held Funds attaches to an equal amount of the Debtor's cash with the same validity, priority, and extent it had before remittance.

4. **LFG.** Within one (1) business day after service of this Order, LFG and anyone acting on its behalf shall withdraw in writing every notice, instruction, or request given to Stripe, Housecall Pro, or any other processor, bank, or account debtor of the Debtor concerning the Debtor's funds or receivables, and shall deliver copies to Debtor's counsel. Pending further order, LFG and its agents shall take no action to collect from the Debtor's receivables, accounts, or processors.

5. **Replacement Liens.** As adequate protection for the Debtor's use of cash collateral, each Lien Claimant is granted a replacement lien on the Debtor's postpetition accounts, cash, and accounts receivable and their proceeds, to the extent of any diminution in value of its interest in cash collateral, with the same validity, priority, and extent as its prepetition interest. The replacement liens are perfected without further action, do not attach to claims or recoveries under chapter 5 of the Bankruptcy Code, and are not granted to any Lien Claimant whose prepetition interest is unperfected, avoided, or disallowed.

6. **Prepetition Employee Obligations.** The Debtor is authorized, but not directed, to pay the Prepetition Employee Obligations, including the payroll payable October 30, 2026 and the prepetition portion of the payroll payable November 6, 2026, together with the related withheld taxes, deductions, and employer payroll taxes. No employee shall receive more than $17,150 on account of prepetition wages and benefits. Paylocity and the Debtor's banks are authorized to honor the related wires, direct deposits, and tax deposits. Nothing in this Order assumes any employment agreement. The stay under Bankruptcy Rule 6004(h) is waived.

7. **Reporting Obligations.** The Debtor shall provide the United States Trustee, the Subchapter V Trustee, and any Lien Claimant that requests it in writing with monthly reporting of accounts receivable, income statements, budget-to-actual results, and proof of insurance coverage.

8. **Carve-Out.** The replacement liens granted in this Order are subject to a carve-out for (a) fees payable to the Subchapter V Trustee of up to $1,000 per month; and (b) fees and expenses of professionals retained by the Debtor, to the extent approved by the Court.

9. **Reservation of Rights.** Nothing in this Order is a finding or stipulation as to the validity, priority, extent, perfection, or amount of any lien, claim, or interest, or a waiver of any right under 11 U.S.C. §§ 506(c), 544, 547, 548, 549, 552, or 553, the Debtor's right to seek recharacterization of LFG's agreement, or the Debtor's right to seek relief for violation of the automatic stay.

10. **Final Hearing.** A hearing to consider final approval of the Motion is scheduled for ____________, 2026, at ____ __.m. at 501 W. Tenth St., Room 128, Fort Worth, TX 76102 and/or via Webex: https://us-courts.webex.com/meet/mullin. The Debtor shall file and serve a notice of the final hearing on all appropriate parties. The Debtor shall file and serve on all appropriate parties the proposed final order and final budget by ____________, 2026. The deadline for any party to oppose or object to the proposed final order and budget is noon on ____________, 2026.

11. **Service.** Within one (1) business day after entry of this Order, the Debtor shall serve it on Stripe, Housecall Pro, LFG and its counsel, each Lien Claimant, the United States Trustee,

the Subchapter V Trustee, the Texas Comptroller, Texas Workforce Commission, the Internal Revenue Service, the twenty largest unsecured creditors, and all parties requesting notice, and shall file a certificate of service.

12. **Retention of Jurisdiction.** This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

13. **Immediate Relief.** This Order is effective immediately upon entry and is necessary to prevent immediate and irreparable harm to the Debtor's estate.

**# # # END OF ORDER # # #**

Submitted by:
Clayton L. Everett
State Bar No. 24065212
Norred Law, PLLC
515 E. Border St. | Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Proposed Counsel for the Debtor