NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Proposed Counsel for Debtor and Debtor-in-Possession

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Advent Air Conditioning, Inc.**<br>1560 E. Southlake Blvd.<br>Southlake, TX 76092<br>EIN: 75-1935949<br><br>**Debtor** | **Case No. 26-44777-mxm11**<br><br>**Chapter 11**<br><br>**Subchapter V Case**<br><br>**Expedited Hearing Requested for November 24, 2026, at 1:30 p.m.** |

**DEBTOR'S EXPEDITED MOTION TO (I) EXTEND THE INTERIM PERIOD UNDER THE INTERIM CASH COLLATERAL ORDER, (II) APPROVE TRUCK-RENTAL VARIANCE, (III) CONTINUE THE FINAL HEARING, AND (IV) RESET RELATED DEADLINES**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Advent Air Conditioning, Inc. (the "Debtor") files this motion (the "Motion") under 11 U.S.C. §§ 105(a), 361, 363(c), and 363(e), and Bankruptcy Rules 4001(b) and 9014. The Debtor asks for entry of a second interim order, substantially in the form attached as **Exhibit C** (the "Second Interim Order"), that:

1. Extends the Interim Period under the Court's *Interim Order Granting Debtor's Emergency Motion for Entry of Interim and Final Orders* [ECF No. 16] (the "Interim Order") through the continued final hearing;

2. Authorizes the Debtor to use cash collateral during that period under the revised budget attached as **Exhibit A** (the "Budget"), and approves the Debtor's use of cash collateral since the Petition Date for truck rentals above the interim budget line;

3. Continues the final hearing on the Debtor's cash collateral motion [ECF No. 6] (the "Cash Collateral Motion") to December 15, 2026, at 1:30 p.m. or another date and time convenient to the Court;

4. Vacates the November 13, 2026 deadline to file and serve the proposed final order and final budget and the November 20, 2026 objection deadline, and deems the proposed final order attached as **Exhibit B** (the "Proposed Final Order") and the Budget filed and served under the new schedule; and

5. Sets a new objection deadline of December 8, 2026, at 5:00 p.m.

**CONCISE STATEMENT UNDER BANKRUPTCY RULE 4001(b)(1)(B)**

| Material term | Proposed treatment | Second Interim Order |
|---|---|---|
| Duration | Interim Period extended through the continued final hearing | ¶ 2 |
| Budget | Revised Exhibit A; 10% variance per line item, as in the Interim Order | ¶ 2 |
| Prior variance | Approves truck-rental payments since October 27, 2026 above the interim line ($13,882.42 through November 20, 2026) | ¶ 3 |
| Adequate protection | Unchanged: replacement liens, separate accounting for the Held Funds, monthly reporting, carve-out. Replacement liens cover any diminution since the Petition Date | ¶¶ 4–5 |
| Property tax liens | Interim Order ¶ 6 unchanged | ¶ 4 |
| Final hearing | Continued to December 15, 2026, at 1:30 p.m. or to a date and time convenient with the Court | ¶ 6 |
| Proposed final order and budget | November 13 deadline vacated; Exhibits A and B deemed filed and served under new schedule | ¶ 7 |
| Objection deadline | December 8, 2026, at 5:00 p.m.; November 20 deadline vacated | ¶ 8 |

| Material term | Proposed treatment | Second Interim Order |
|---|---|---|
| Reservation of rights | Interim Order ¶ 10 unchanged; no lien determined | ¶ 10 |

## I. JURISDICTION AND VENUE

6. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

7. On October 27, 2026 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition and elected Subchapter V. It continues to operate as debtor-in-possession under 11 U.S.C. §§ 1182(2) and 1184.

8. On October 28, 2026, the Debtor filed the Cash Collateral Motion. After an interim hearing on October 29, 2026, the Court entered the Interim Order.

9. The Interim Order authorizes the Debtor to use cash collateral "through the date of the final hearing." Interim Order ¶ 1. It set the final hearing for November 24, 2026, at 1:30 p.m. It also required the Debtor to file and serve a notice of the final hearing, and to file and serve the proposed final order and final budget by November 13, 2026. It set an objection deadline of noon on November 20, 2026. Interim Order ¶ 11.

10. The Debtor has complied with the Interim Order's other requirements:

- It served the Interim Order on October 30, 2026, and filed a certificate of service [ECF No. 18].
- Stripe released the Held Funds. On November 4, 2026, Stripe confirmed in writing that no holds remain on the Debtor's account.

- The Debtor funded its October 30 and November 6 payrolls, including the Prepetition Employee Obligations, within the limits of Interim Order ¶ 7.
- The Debtor has accounted for the Held Funds separately in its books and records.

11. The Debtor did not file or serve the proposed final order and final budget by November 13, 2026, or file a notice of the final hearing. The failure was an oversight by Debtor's counsel. It was not caused by the Debtor's operations or by any lack of diligence by the Debtor. Counsel discovered the oversight on November 19, 2026, and the Debtor filed this Motion the next day.

12. In preparing the final budget, the Debtor also found that one interim budget line did not reflect its current costs. The interim budget allowed $1,339.17 per month for truck rentals. That figure came from the Debtor's 2026 profit and loss statement, which reflected an Enterprise Fleet lease that ended in March 2026. It did not include the trucks the Debtor now rents from Enterprise Truck Rental for its field technicians.

13. From October 27 through November 20, 2026, the Debtor paid $13,882.42 for truck rentals. That exceeds the interim line, plus the 10% variance allowed by Interim Order ¶ 1, by about $12,670. The Debtor now rents 10 trucks, two of them added after two technicians completed training, at about $16,315 per month. Each truck carries a technician who performs the service and installation work that generates the Debtor's receivables. The Debtor discloses this variance and asks the Court to approve it.

14. Because the proposed final order and final budget were not served, parties have not had the review period the Interim Order provided, and a final hearing on November 24 would not give them a fair opportunity to object.

15. With this Motion, the Debtor files the Budget (**Exhibit A**) and the Proposed Final Order (**Exhibit B**). The Budget reflects the Debtor's current figures, including receipts of $39,000 per

week, payroll of $16,373 per week, truck rentals of $16,315 per month, and rent and storage of $4,070 per month, and projects net cash flow of about $9,600 per month. No party has filed an objection to the Cash Collateral Motion.

## III. BASIS FOR RELIEF

### A. The Court should extend the Debtor's interim authority to use cash collateral

16. A debtor-in-possession may use cash collateral if each entity with an interest consents or the Court authorizes the use after notice and a hearing. 11 U.S.C. § 363(c)(2). The Court must condition use on adequate protection. 11 U.S.C. § 363(e). Before a final hearing, the Court may authorize use only as necessary to avoid immediate and irreparable harm to the estate. Bankruptcy Rule 4001(b)(2).

17. That standard is met. The Debtor's interim authority ends November 24, 2026. Its next weekly payroll, about $16,400 including taxes, is payable November 27, 2026. Without continued authority, the Debtor could not meet payroll, rent its trucks, or keep crews in the field, and would lose the employees and receivables on which any recovery for creditors depends.

18. The Lien Claimants remain adequately protected. The Second Interim Order keeps every protection in the Interim Order, including replacement liens, separate accounting for the Held Funds, monthly reporting, and budget compliance. Interim Order ¶¶ 3–5, 8–10. Continued operations generate the receivables that preserve any interest in cash collateral. The proposed schedule also satisfies the 14-day minimum for a final hearing, because the Cash Collateral Motion was served on October 28, 2026. Bankruptcy Rule 4001(b)(2).

### B. The Court should reset the schedule in its Interim Order

19. The Interim Order is an interlocutory order, and the Court may modify it and reset its schedule for cause. 11 U.S.C. § 105(a). Cause exists. The parties have not had the proposed final

order and budget for the review period the Interim Order contemplated, and the Court should not be asked to enter a final order on that record.

20. No party is prejudiced. Under the proposed schedule, each party will have the Proposed Final Order and Budget for [18] days before the objection deadline, longer than the seven days the Interim Order allowed, and the only effect on the case is a continuance of about three weeks. The Debtor raised the issue itself, promptly, and has disclosed the budget variance on its own.

### C. The Court should approve the truck-rental variance

21. The Court may authorize the use of cash collateral after notice and a hearing. 11 U.S.C. § 363(c)(2)(B). The Debtor asks the Court to authorize its use of cash collateral since the Petition Date to pay truck rentals above the interim budget line, and to approve the revised truck-rental line in the Budget going forward.

22. No Lien Claimant was harmed by the variance. The trucks are essential to the Debtor's operations: each carries a technician whose work generates the receivables that replenish cash collateral. Each Lien Claimant holds a replacement lien to the extent of any diminution in value. Interim Order ¶ 5. The Debtor has disclosed the variance on its own, and the Budget now states the actual cost.

## IV. REQUEST FOR EXPEDITED CONSIDERATION

23. The Debtor asks the Court to hear this Motion on November 24, 2026, at 1:30 p.m., the time already set for the final hearing, of which all parties have notice through the Interim Order. The Debtor's interim authority ends that day. If the Court requires, the Debtor will file a separate motion for expedited hearing. Because a motion to use cash collateral must be set for hearing, the negative-notice procedure is not used. L.B.R. 9007-1(h)(4).

## V. NOTICE

24. The Debtor will serve this Motion and its exhibits on the parties listed in the service paragraph of the Interim Order by CM/ECF, email where available, and first-class mail (or certified mail where Bankruptcy Rule 7004(h) requires). Nothing in this Motion waives any right reserved in Interim Order ¶ 10. This Motion includes the Debtor's brief under L.B.R. 7007-1(d).

## PRAYER

The Debtor asks the Court to:

(a) hear this Motion on November 24, 2026, at 1:30 p.m.;

(b) enter the Second Interim Order, extending the Interim Period through the continued final hearing, authorizing use of cash collateral under the Budget, and approving the Debtor's truck-rental payments since the Petition Date;

(c) continue the final hearing to December 15, 2026, at 1:30 p.m. and set an objection deadline of December 8, 2026, at 5:00 p.m.;

(d) vacate the November 13 and November 20, 2026 deadlines and deem the Proposed Final Order and Budget filed and served under the new schedule; and

(e) grant the Debtor all other relief to which it is entitled.

Dated: November 20, 2026

Respectfully submitted:

By: /s/ Clayton L. Everett
Clayton L. Everett | State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St.; Arlington, Texas 76010
Telephone: (817) 704-3984
Proposed Counsel for Debtor and Debtor-in-Possession

**Certificate of Conference**

I certify that on November 19, 2026, I conferred or attempted to confer by email about the relief requested with the United States Trustee, the Subchapter V Trustee, the United States Attorney on behalf of the Internal Revenue Service, counsel for the County of Denton and Lewisville ISD, Lawrence Funding Group and its counsel, the known Lien Claimants, and the parties that have requested notice. On November 20, 2026, the United States Trustee (Susan B. Hersh) stated that it takes no position on the Motion. The Subchapter V Trustee (Frances A. Smith) and the United States, on behalf of the Internal Revenue Service (David G. Adams), stated that they are unopposed. The County of Denton (Jessica L. Cousineau) and creditor-landlord NLSV LLC (Lori A. Shaw) stated that they have no objection. No other party has responded as of the time of filing.

/s/ Clayton L. Everett
Clayton L. Everett

**Certificate of Service**

I certify that on November 20, 2026, a true and correct copy of this Motion and its exhibits was served through the Court's CM/ECF system on all registered parties, and by email and first-class mail on the parties listed on the attached service list, in accordance with Bankruptcy Rules 7004 and 9014.

/s/ Clayton L. Everett
Clayton L. Everett