United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Advent Air Conditioning, Inc.**<br>1560 E. Southlake Blvd.<br>Southlake, TX 76092<br>EIN: 75-1935949<br><br>**Debtor** | **Case No. 26-44777-mxm11**<br><br>**Chapter 11**<br><br>**Subchapter V Case** |

**FINAL ORDER GRANTING DEBTOR'S EMERGENCY MOTION (I) AUTHORIZING USE OF CASH COLLATERAL AND (II) GRANTING ADEQUATE PROTECTION**

Came on for final hearing the *Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, (III) Directing Release of Estate Funds Held by Payment Processor, (IV) Authorizing Payment of Prepetition Wages, Payroll Taxes, and Benefits, and (V) Scheduling a Final Hearing* [ECF No. 6] (the "Motion") filed by Advent Air Conditioning, Inc. (the "Debtor"). Having considered the Motion, the *Interim Order Granting Debtor's Emergency Motion for Entry of Interim and Final Orders* [ECF No. 16] (the "Interim Order"), the *Second Interim Order* [ECF No. __] (the

"Second Interim Order"), the evidence and argument presented at the final hearing on [December 15, 2026] (the "Final Hearing"), and the record, the Court finds that:

(a) **Jurisdiction and Venue.** The Court has jurisdiction over this case and the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

(b) **Notice.** Notice of the Motion, the Final Hearing, the proposed form of this Order, and the budget was given as required by the Interim Order and the Second Interim Order and was adequate and appropriate under Bankruptcy Rules 4001(b) and 9014. No further notice is necessary.

(c) **Need for Use of Cash Collateral.** The Debtor needs to use cash collateral to pay its employees, rent its trucks and facilities, purchase materials, and continue operating its business. Without that use, the estate would suffer immediate and irreparable harm.

(d) **Lien Claimants.** The parties that may assert an interest in the Debtor's cash collateral are Wells Fargo Commercial Distribution Finance, LLC; Wells Fargo Bank, N.A.; Trane U.S. Inc.; the principals represented by Financial Agent Services and C T Corporation System; Millstone Funding Inc.; and Lawrence Funding Group ("LFG") (each, a "Lien Claimant"). Nothing in this Order determines the validity, priority, extent, or amount of any Lien Claimant's claim or interest.

(e) **Adequate Protection.** The replacement liens, separate accounting, reporting, and budget-compliance measures provided in this Order adequately protect the interests, if any, of each Lien Claimant under 11 U.S.C. §§ 361 and 363(e).

(f) **Objections.** [No objection to the Motion was filed.] [All objections to the entry of this Order that have not been withdrawn or resolved are overruled.]

It is therefore **ORDERED** that:

1. **Motion Granted.** The Motion is GRANTED on a final basis as set forth in this Order.

2. **Use of Cash Collateral.** The Debtor is authorized to use cash collateral from entry of this Order until the earliest of (a) the effective date of a confirmed plan, (b) the conversion or dismissal of this case, or (c) further order of the Court (the "Cash Collateral Period"), in accordance with the budget attached as **Exhibit A** (the "Budget"). The Debtor shall not exceed the Budget by more than ten percent (10%) for any line item without prior approval of the Court or agreement of the affected Lien Claimants.

3. **Updated Budgets.** Before the period covered by the Budget ends, the Debtor shall file and serve on each Lien Claimant, the United States Trustee, and the Subchapter V Trustee an updated budget for the next three months. Unless a party files a written objection within fourteen (14) days after service, the updated budget becomes the Budget under this Order without further order. If an objection is timely filed, the Debtor may continue to use cash collateral under the existing Budget's monthly amounts until the Court rules on the objection.

4. **Held Funds.** The Debtor shall continue to account separately in its books and records for the funds released by Stripe, LLC and Codefied, Inc. d/b/a Housecall Pro under paragraph 2 of the Interim Order (the "Held Funds"). Any valid interest of a Lien Claimant in the Held Funds attaches to an equal amount of the Debtor's cash with the same validity, priority, and extent it had before remittance.

5. **Payment Processors and LFG.** Stripe, LLC, Codefied, Inc. d/b/a Housecall Pro, and any other processor, financing partner, bank, or account debtor of the Debtor shall remit funds

payable to the Debtor in the ordinary course and shall not withhold funds from, or remit funds to, LFG or any other third party on account of a prepetition claim against the Debtor, subject only to ordinary-course contractual rights to recover chargebacks, refunds, and processing fees on transactions processed for the Debtor. Pending further order, LFG and anyone acting on its behalf shall take no action to collect from the Debtor's receivables, accounts, or processors, and shall withdraw any notice, instruction, or request to the contrary.

6. **Replacement Liens.** As adequate protection for the Debtor's use of cash collateral since the Petition Date, each Lien Claimant is granted a replacement lien on the Debtor's postpetition accounts, cash, and accounts receivable and their proceeds, to the extent of any diminution in value of its interest in cash collateral, with the same validity, priority, and extent as its prepetition interest. The replacement liens are perfected without further action, do not attach to claims or recoveries under chapter 5 of the Bankruptcy Code, and are not granted to any Lien Claimant whose prepetition interest is unperfected, avoided, or disallowed. The replacement liens granted in the Interim Order and the Second Interim Order are continued and are part of the replacement liens granted in this paragraph.

7. **Property Tax Liens.** Notwithstanding any other provision herein, all pre- and postpetition statutory ad valorem tax liens of the County of Denton, Texas and Lewisville ISD on the Debtor's real and personal property located in Texas (the "Tax Liens") shall retain their lien priority as provided by applicable non-bankruptcy law and shall not be primed by nor made subordinate to any liens granted to any party hereby, to the extent the Tax Liens are valid, senior, perfected, and unavoidable. Further, to the extent that there are any unpaid Tax Liens owing to such Texas Taxing Authority, the rights of the Texas Taxing Authorities to object to the allowance of superpriority administrative expense claims of the Lender are fully reserved.

8. **Reporting Obligations.** The Debtor shall provide the United States Trustee, the Subchapter V Trustee, and any Lien Claimant that requests it in writing with monthly reporting of accounts receivable, income statements, budget-to-actual results, and proof of insurance coverage, no later than the date the Debtor's monthly operating report for that month is due.

9. **Carve-Out.** The replacement liens granted in this Order are subject to a carve-out for (a) fees payable to the Subchapter V Trustee of up to $1,000 per month, and (b) fees and expenses of professionals retained by the Debtor, to the extent approved by the Court.

10. **Default.** If the Debtor fails to comply with this Order, any Lien Claimant, the United States Trustee, or the Subchapter V Trustee may file a motion to modify or terminate the Debtor's authority to use cash collateral and request an expedited hearing. Nothing in this Order modifies the automatic stay under 11 U.S.C. § 362.

11. **[Postpetition Receipts.** Under 11 U.S.C. § 552(a), receivables arising from goods and services the Debtor provides after the Petition Date are not subject to any lien resulting from a prepetition security agreement, except to the extent of the replacement liens granted in this Order and any interest in proceeds under 11 U.S.C. § 552(b).]

12. **Reservation of Rights.** Nothing in this Order is a finding or stipulation as to the validity, priority, extent, perfection, or amount of any lien, claim, or interest, or a waiver of any right under 11 U.S.C. §§ 506(c), 544, 547, 548, 549, 552, or 553, the Debtor's right to seek recharacterization of LFG's agreement, or the Debtor's right to seek relief for violation of the automatic stay.

13. **Interim Orders.** This Order supersedes the Interim Order and the Second Interim Order as to the use of cash collateral from and after its entry. Actions taken by the Debtor in accordance with the Interim Order and the Second Interim Order are ratified.

14. **Binding Effect.** This Order is binding on the Debtor, the Lien Claimants, and their successors and assigns, including any trustee later appointed in this case.

15. **Retention of Jurisdiction.** This Court retains jurisdiction to interpret and enforce this Order.

16. **Immediate Effect.** This Order is effective immediately upon entry.

**# # # END OF ORDER # # #**

Prepared and submitted by:

/s/ Clayton L. Everett
Clayton L. Everett | State Bar No. 24065212
Norred Law, PLLC
515 E. Border St.; Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Proposed Counsel for Debtor and Debtor-in-Possession