United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Advent Air Conditioning, Inc.**<br>1560 E. Southlake Blvd.<br>Southlake, TX 76092<br>EIN: 75-1935949<br><br>**Debtor** | **Case No. 26-44777-mxm11**<br><br>**Chapter 11**<br><br>**Subchapter V Case** |

**SECOND INTERIM ORDER (I) EXTENDING THE INTERIM PERIOD UNDER THE INTERIM CASH COLLATERAL ORDER, (II) APPROVING TRUCK-RENTAL VARIANCE, (III) CONTINUING THE FINAL HEARING, AND (IV) RESETTING RELATED DEADLINES**

Came on for consideration the *Debtor's Expedited Motion to (I) Extend the Interim Period Under the Interim Cash Collateral Order, (II) Approve Truck-Rental Variance, (III) Continue the Final Hearing, and (IV) Reset Related Deadlines* [ECF No. __] (the "Motion") filed by Advent Air Conditioning, Inc. (the "Debtor"). Having considered the Motion, the Court's *Interim Order Granting Debtor's Emergency Motion for Entry of Interim and Final Orders* [ECF No. 16] (the "Interim Order"), the evidence and argument presented at the hearing on November 24, 2026, and the record, the Court finds that:

(a) **Jurisdiction and Venue.** The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

(b) **Notice.** Notice of the Motion and the hearing was adequate and appropriate under the circumstances, and no further notice is necessary.

(c) **Immediate and Irreparable Harm.** Continued use of cash collateral until the continued final hearing is necessary to avoid immediate and irreparable harm to the estate, including to fund the Debtor's weekly payroll and continue operations. Bankruptcy Rule 4001(b)(2) is satisfied.

(d) **Adequate Protection.** The protections provided in the Interim Order, as extended by this Order, adequately protect the interests, if any, of each Lien Claimant (as defined in the Interim Order).

(e) **Truck Rentals.** The Debtor's payments for truck rentals since the Petition Date were necessary to continue its operations and generate receivables, and the interests of the Lien Claimants in cash collateral used for those payments are adequately protected by the replacement liens granted in the Interim Order.

(f) **Cause.** Cause exists to modify the Interim Order and reset its schedule, and doing so does not prejudice any party.

It is therefore **ORDERED** that:

1. The Motion is GRANTED as set forth in this Order.

2. The Interim Period under paragraph 1 of the Interim Order is extended through the conclusion of the continued Final Hearing set below, or any later date to which the Court continues it (the "Extended Interim Period"). During the Extended Interim Period, the Debtor is

authorized to use cash collateral in accordance with the budget attached as **Exhibit A** (the "Budget"). The Debtor shall not exceed the Budget by more than ten percent (10%) for any line item without prior approval of the Court or agreement of the affected Lien Claimants.

3. The Debtor's use of cash collateral from October 27, 2026, through the entry of this Order to pay truck rentals in excess of the interim budget line, including $13,882.42 paid through November 20, 2026, is authorized under 11 U.S.C. § 363(c)(2)(B).

4. Except as modified by this Order, every provision of the Interim Order remains in full force and effect during the Extended Interim Period, including the separate accounting for the Held Funds (¶ 3), the LFG directive (¶ 4), replacement liens (¶ 5), property tax liens (¶ 6), reporting obligations (¶ 8), the carve-out (¶ 9), and the reservation of rights (¶ 10).

5. The replacement liens granted in paragraph 5 of the Interim Order extend to any diminution in value of each Lien Claimant's interest in cash collateral resulting from the Debtor's use of cash collateral since the Petition Date, including during the Extended Interim Period, with the same validity, priority, and extent as that Lien Claimant's prepetition interest, and subject to paragraph 6 of the Interim Order.

6. The final hearing on the Debtor's cash collateral motion [ECF No. 6] is continued to ________________________________ (the "Final Hearing") at 501 W. Tenth St., Room 128, Fort Worth, TX 76102 and/or via Webex: https://us-courts.webex.com/meet/mullin.

7. The deadline in paragraph 11 of the Interim Order for the Debtor to file and serve the proposed final order and final budget is vacated. The proposed final order and budget attached to the Motion as Exhibits B and A are deemed filed and, upon service as provided below, are deemed served. The Debtor may file a revised proposed final order or budget no later than December 4, 2026, with a redline against the version filed with the Motion.

8. Any objection to the proposed final order or budget must be filed and served on Debtor's counsel no later than **December 8, 2026, at 5:00 p.m.** (prevailing Central Time). The objection deadline of noon on November 20, 2026, set in paragraph 11 of the Interim Order, is vacated.

9. Within one (1) business day after entry of this Order, the Debtor shall file a notice of the Final Hearing, serve this Order and that notice on the parties listed in the service paragraph of the Interim Order, and file a certificate of service.

10. Nothing in this Order is a finding or stipulation as to the validity, priority, extent, perfection, or amount of any lien, claim, or interest, or a waiver of any right reserved in paragraph 10 of the Interim Order.

11. This Court retains jurisdiction to interpret and enforce this Order and the Interim Order.

12. This Order is effective immediately upon entry.

**# # # END OF ORDER # # #**

Prepared and submitted by:

/s/ Clayton L. Everett
Clayton L. Everett | State Bar No. 24065212
Norred Law, PLLC
515 E. Border St.; Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Proposed Counsel for Debtor and Debtor-in-Possession